Robert K. Meyer, OSB #086470
2501 SW First Avenue, Suite 230
Portland, OR 97201
Phone: 503/ 459-4010
Fax: 503/ 914-1461
Email: robert@robertmeyerlaw.com

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| CHARLES E. LEDFORD JR.,<br><br>       Plaintiff,<br><br> v.<br><br>MR. INSULATION CO., INC., an Oregon Corporation, and RANDY MOULTON, an individual,<br><br>       Defendant. | Case No.<br><br>COMPLAINT<br><br>Unlawful Employment Practices in violation of Title I of the ADA (42 U.S.C. §12111, *et. seq.*)*;* ORS 659A.112; ORS 659A.109; ORS 659A.118; ORS 659A.040; ORS 659A.043; ORS 659A.046; ORS 659A.030, and Common Law Wrongful Discharge<br><br>**DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages and attorney's fees for himself to redress injuries done to him by Defendants or officers, employees or agents of Defendants in contravention of his rights under Title I of the Americans with Disabilities Act, 42 U.S.C. §12111, *et. seq.* (hereafter "ADA"), and his state protected rights under Oregon Revised Statutes 659A.030, 659A.040, 659A.043, 659A.046, 659A.112, 659A.109, and 659A.118.

**1 | Complaint**

**Jurisdictional Allegations**

2.

This Court has jurisdiction over Plaintiff's federal claims under 29 U.S.C. § 2601 *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §2000e-5(f)(3) as incorporated into the ADA by 42 U.S.C. §12117(a).  This Court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Pendleton Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

4.

Plaintiff filed timely claims with Oregon's Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC") raising the issues alleged herein. BOLI and the EEOC have closed the administrative matter and Plaintiff has been issued a notice of right to sue from BOLI and the EEOC. Plaintiff has timely filed this matter within the time limits set forth in the notice of right to sue.  Plaintiff has therefore exhausted administrative procedures.

**General Factual Allegations**

5.

Plaintiff is a resident of Oregon.  Defendant Mr. Insultation Co., Inc. ("MIC") is an Oregon Corporation with its principal place of business in Hermiston, Oregon.  Defendant Randy Moulton is an Oregon resident who is President of Defendant MIC.

6.

At all material times, Plaintiff was employed by Defendant MIC in Oregon performing work in the Pendleton Division of Oregon District Court.  Defendant MIC maintains an office in Hermiston, Oregon, in the Pendleton Division of Oregon District Court.

7.

Defendant Moulton was an employee and agent of Defendant MIC at all material times. At all material times, Defendant MIC was Plaintiff's employer, Plaintiff was supervised by

**2 | Complaint**

Defendant's MIC employees or agents, and Plaintiff relied on the actual or apparent authority of Defendant's MIC employees, supervisors and management, including Defendant Moulton.

8.

Defendant MIC was at all material times a company with 21 or more employees in Oregon.

9.

At all material times, Plaintiff was a qualified person with a disability that affects one or more major life activities.

10.

Plaintiff was hired by Defendant MIC on or about August 15, 2012 as window crew foreman.

11.

On several occasions, including in March of 2017, Plaintiff reported concerns to Defendant Moulton about employee safety issues, including not having safety meetings, not providing proper safety equipment, having workers work from ladders instead of scaffolding, not inspecting ladders, and exposing workers to lead and asbestos without proper protection.

12.

On or about March 27, 2017, Plaintiff sustained an on-the-job injury and promptly reported his injury to Defendant Moulton. Moulton refused to give Plaintiff a workers' compensation claim form. When Plaintiff's doctor sent Defendant workers' compensation paperwork regarding Plaintiff's on-the-job injury, Moulton refused to provide insurance information. Moulton emailed Plaintiff's doctor and stated, "This is to inform you that at this time I am not recognizing this as an on-the-job injury."

13.

On or about March 28, 2017, Plaintiff contacted the workers' compensation office and they started his claim. Upon receiving notice of his claim, Defendant cancelled Plaintiff's insurance.

14.

On or about March 30, 2017, Plaintiff was released to perform light duty work.

**3 | Complaint**

Defendant refused to provide any available and suitable position for Plaintiff.  Plaintiff could not perform his duties with his medical restrictions, so his doctor placed him on medical leave until October 22, 2017.

15.

Plaintiff's doctor released Plaintiff to return to full duty on or about October 22, 2017. Plaintiff notified Defendant of his release and timely requested reinstatement to his former position.  Defendant refused to reinstate Plaintiff.

16.

On or about November 16, 2017, Defendant unlawfully terminated Plaintiff's employment.

### First Claim For Relief

### ORS 659A.040 – Workers' Compensation Discrimination/Retaliation

### (Against Defendant MIC)

17.

Plaintiff realleges paragraphs 1 through 16.

18.

Plaintiff engaged in various protected activity under ORS 659A.040, including reporting an on-the-job injury to Defendant, obtaining treatment for an on-the-job injury, filing a workers' compensation claim, and requesting reinstatement.

19.

Defendant subjected Plaintiff to one or more adverse actions due to his invoking the workers' compensation system, including cancelling his insurance, refusing to reemploy Plaintiff, refusing to reinstate Plaintiff, and terminating Plaintiff.

20.

Plaintiff's invocation of the workers' compensation system was a substantial factor in Defendant's decision to subject Plaintiff to one or adverse actions and constitutes injured worker discrimination/retaliation in violation of ORS 659A.040.

21.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur

**4 | Complaint**

lost wages and benefits in an amount to be proven at trial.  Plaintiff will continue to have lost income and benefits in the future.

22.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

23.

Defendant's unlawful termination of Plaintiff was done with malice and/or with a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others.  Therefore, Defendant should be assessed punitive damages pursuant in an amount to be determined at trial.

24.

Plaintiff is entitled to recover his costs and attorneys' fees pursuant to ORS 659A.885 and ORS 20.107.

25.

Plaintiff also seeks injunctive relief to prohibiting Defendant from discriminating or retaliating against employees due to an on-the-job injury or disability and/or for invoking the workers' compensation system or seeking reasonable disability accommodation.

**Second Claim For Relief**

**ORS 659A.043 and 659A.046 - Failure to Reinstate/Reemploy an Injured Worker**

**(Against Defendant MIC)**

26.

Plaintiff realleges paragraphs 1 through 25 above as fully set forth herein.

27.

Plaintiff sustained a compensable injury and timely requested reemployment and reinstatement.

28.

Defendant engaged in unlawful employment practice(s) by failing to reemploy and/or reinstate Plaintiff in violation of ORS 659A.043 and/or 659A.046.

**5 | Complaint**

29.

Plaintiff re-alleges his damages, injunctive relief, costs, and attorneys' fees as stated in the above paragraphs.

### Third Claim For Relief

### ADA – Disability/Perceived Disability Discrimination

### (Against Defendant MIC)

30.

Plaintiff realleges paragraphs 1 through 29 above as fully set forth herein.

31.

As set forth above, at all material times, Plaintiff had a disability covered by the ADA. Despite his disability, Plaintiff could perform the essential functions of the position with or without accommodation.

32.

As set forth above, Defendant knew about Plaintiff's disability at all relevant times.

33.

Alternatively, as set forth above, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

34.

Defendant engaged in disability discrimination, including by failing to offer reasonable accommodation to Plaintiff in the form of light duty work, failing to reinstate Plaintiff after his unpaid leave of absence, and terminating Plaintiff.   Defendant's adverse actions towards Plaintiff, including its termination of Plaintiff, were substantially motivated by Plaintiff's disability/perceived disability.

35.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.  Plaintiff will continue to have lost income and benefits into the future.

//

**6 | Complaint**

36.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

37.

Plaintiff is entitled to recover his costs and attorneys' fees pursuant to 42 U.S.C. §1988 and 42 U.S.C. §2000e-5(k) as incorporated into the ADA by 42 U.S.C. §12117(a).

38.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages pursuant to 42 USC §1981(b)(1) in an amount to be determined at trial.

## Fourth Claim For Relief

## ORS 659A.112 – Disability/Perceived Disability Discrimination

### (Against Defendant MIC)

39.

Plaintiff realleges paragraphs 1 through 38 above as fully set forth herein.

40.

During his employment, Plaintiff was a qualified person with a disability as defined by ORS 659A.104. Despite his disability, Plaintiff could perform the essential functions of the position with or without accommodation.

41.

Defendant knew about Plaintiff's disability at all material times.

42.

Alternatively, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

43.

Defendant engaged in disability discrimination in that it took adverse employment actions against Plaintiff in violation of his state-protected rights, including by cancelling his insurance, terminating him, failing to reinstate and/or assign Plaintiff further work.

7 | Complaint

44.

Defendant's termination of Plaintiff was substantially motivated by his disability/perceived disability and constitutes unlawful disability discrimination in violation of ORS 659A.112. Furthermore, Defendant failed to engage in the interactive process and failed to offer reasonable accommodation in violation of 659A.112.

45.

Plaintiff re-alleges his damages, injunctive relief, costs, and attorneys' fees as stated in the paragraphs above.

## Fifth Claim For Relief

## ORS 659A.109 – Disability/Perceived Disability Retaliation

## (Against Defendant MIC)

46.

Plaintiff realleges paragraphs 1 through 45 above as fully set forth herein.

47.

Plaintiff engaged in protected activity under 659A.109, including but not limited to requesting a reasonable accommodation of his medical condition.

48.

Defendant retaliated against Plaintiff in violation of 659A.109. Defendant took adverse employment actions against Plaintiff in violation of his state-protected rights, including by cancelling his insurance, terminating him, failing to reinstate and/or assign Plaintiff further work.

49.

Plaintiff re-alleges his damages, injunctive relief, costs, and attorneys' fees as stated in the paragraphs above.

## Sixth Claim For Relief

## ORS 659A.112 and 659A.118 – Failure to Accommodate

## (Against Defendant MIC)

50.

Plaintiff realleges paragraphs 1 through 49 above as fully set forth herein.

51.

Defendant engaged in an unlawful employment practice by failing to engage in the interactive process and/or failing to make reasonable accommodation for Plaintiff's disability in violation of ORS 659A.112 and ORS 659A.118, resulting in Plaintiff losing income and suffering emotional distress.

52.

Plaintiff re-alleges his damages, injunctive relief, costs, and attorneys' fees as stated in the paragraphs above.

## Seventh Claim For Relief

## Whistleblower Retaliation – ORS 659A.199

## (Against Defendant MIC)

53.

Plaintiff realleges paragraphs 1 through 52 above as fully set forth herein.

54.

Defendant retaliated against Plaintiff in the terms and conditions of his employment by terminating Plaintiff in substantial part for opposing and/or reporting in good faith what Plaintiff believed to be legal violations related to unsafe working conditions, as well as evidence of violations of federal and/or state laws, rules, or regulations, including, but not limited to ORS 654.010, ORS 654.022, ORS 654.062, OAR 839-004-0001 et seq, and relevant provisions and regulations.

55.

Plaintiff re-alleges his damages, injunctive relief, costs, and attorneys' fees as stated in the paragraphs above.

## Eighth Claim For Relief

## Retaliation – ORS 654.062

## (Against Defendant MIC)

56.

Plaintiff realleges paragraphs 1 through 55 above as fully set forth herein.

57.

Oregon law prohibits terminating an employee because the employee reported or opposed in good faith conduct they reasonably believed created an unsafe or unhealthy workplace environment. See ORS 654.010 (mandating that Oregon employers provide a safe and healthful work environment) and ORS 654.022 (mandating that Oregon employers obey and comply with Oregon health and safety regulations).

58.

In perpetrating the actions described in the above paragraphs, Defendant, acting through their agents and/or employees, terminated Plaintiff in retaliation for Plaintiff's acts of opposing and reporting information Plaintiff believed in good faith violated Oregon health and safety regulations.

59.

By retaliating against Plaintiff in this manner, Defendant violated ORS 654.062 and OAR 839-004-0001 et seq., causing Plaintiff to suffer damages.

60.

Plaintiff re-alleges his damages, injunctive relief, costs, and attorneys' fees as stated in the paragraphs above.

### Ninth Claim For Relief

### Wrongful Discharge in Violation of Public Policy

### (Against Defendant MIC)

61.

Plaintiff realleges paragraphs 1 through 60 above as fully set forth herein.

62.

At all materials times, the public policy of Oregon prohibited an employer from retaliating against an employee for making workplace health or safety complaints and/or for reporting information the employee believed was evidence of a violation of a state or federal law, rule, or regulation.

63.

This public policy is embodied in the common law, statutes, and regulations of the State

**10 | Complaint**

of Oregon and the United States including, but not limited to ORS 654.010, ORS 654.022, ORS 654.062, ORS 659A.199 and OAR 839-004-0001 et seq.

64.

Defendant, acting through its agents and/or employees, violated the above public policies by retaliating against Plaintiff for opposing and/or making good faith complaint about unlawful conduct.

65.

Defendants' discharge of Plaintiff was taken in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights, which are of important public interest.


66.

Plaintiff re-alleges his damages, injunctive relief, costs, and attorneys' fees as stated in the paragraphs above.

**Tenth Claim For Relief**

**ORS 659A.030 - Aiding and Abetting Discrimination/Retaliation**

**(Against Defendant Moulton)**

67.

Plaintiff realleges paragraphs 1 through 66 above as fully set forth herein.

68.

Defendant Moulton violated ORS 659.030(1)(g) by aiding, abetting, inciting, compelling and/or coercing discrimination and retaliation of Plaintiff as set forth above.

69.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages.

70.

Plaintiff realleges damages, costs, and attorney fees as set forth in the above paragraphs.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.      For permanent injunctive relief enjoining Defendant, its officers, employees and agents

**11 | Complaint**

from engaging in any disability or injured worker discrimination or retaliation.

2. Economic damages and future losses to be determined at trial;

3. Non-economic damages to be determined at trial;

4. Punitive damages in an amount to be determined at trial;

5. Reasonable costs and attorneys' fees; and

6. For such other and further relief as the Court may deem just and equitable.

7. The relief requested is authorized under federal and Oregon law as set forth above, including but not limited to 659A.885 and 42 U.S.C. §1988 and 42 U.S.C. §2000e-5(k) as incorporated into the ADA by 42 U.S.C. §12117(a).

DATED this 17th day of July, 2018.

s/ Robert Meyer
Robert K. Meyer, OSB #086470
Of Attorneys for Plaintiff

**12 | Complaint**